**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMBER COULTER,<br><br>              Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>              Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-6799 (KMW-EAP)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff's Amended Complaint filed September 6, 2024, (ECF No. 5) and

THE COURT NOTING that the Court has previously granted Plaintiff's *in forma pauperis* Application, (ECF No. 3);

THE COURT NOW FINDS that it is required to screen the Amended Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed without prejudice for failing to state a claim.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the

plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

Plaintiff reasserts claims pursuant to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Each of Plaintiff's claims will be addressed in turn.

### A. Fair Debt Collection Practices Act

#### i. 15 U.S.C. § 1692c(c)

First, the Court notes that Plaintiff's Amended Complaint does not address the deficiencies outlined in the Court's previous Memorandum and Order related to her 15 U.S.C. § 1692c(c) claim. As discussed previously, 15 U.S.C. § 1692c(c), which provides in pertinent part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> 
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> 
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> 
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c).

Here, Plaintiff's Amended Complaint does not allege that the "documents" that she received following her written request to cease communications were communications that would not be permissible pursuant to § 1692c(c)'s three exceptions. Further, Plaintiff does not allege that the subsequent documents that she received were communications that exhibit the "abusive, deceptive, and unfair debt collection practices," that the FDCPA was enacted to eliminate. *Brown*

*v. Apex Asset Mgmt., LLC*, No. 23-3749, 2024 WL 3272450 at * (D.N.J. Jul. 1, 2024) ("[T]he FDCPA seeks to ban conduct that is considered 'abusive,' that substantially impacts a person's life . . . [']Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'"). Simply put, stating that Defendant "continued to send me documents unrelated to my account," is not sufficient to show that § 1692c(c) was violated. To proceed, Plaintiff would at least have to submit the referenced documents for review.

### ii.  15 U.S.C. § 1692e(2); e(8)

Plaintiff's Amended Complaint also asserts two provisions pursuant to 15 U.S.C. § 1692e: e(2) and e(8) which state in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: [. . .]
>
> (2) The false representation of—
>
>   (A) the character, amount, or legal status of any debt; or
>
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. [ . . . ]
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(2); e(8). Plaintiff's Amended Complaint does not provide any details regarding what was inaccurate or falsely represented by Defendant in its communications related to the disputed debt. Plaintiff did not provide any details describing, nor did she attach, any of the disputed communications from which the Court could ascertain if Defendant used false, deceptive, or misleading representations to Plaintiff, nor can the Court ascertain if or how the Defendant

communicated or threatened to communicate any disputed debt to a third party. Therefore, Plaintiff's FDCPA claims are dismissed without prejudice for failing to state a claim.

### B. Fair Credit Reporting Act

#### i. 15 U.S.C. § 1681s-2(b)

Next, the Court turns to Plaintiff's Fair Credit Reporting Act claims. The Fair Credit Reporting Act, ("FCRA"), (of which 15 U.S.C. § 1681s-2(b) is part), was enacted to protect consumers from the transmission of inaccurate information and to establish credit reporting practices that encourage the use of accurate, relevant, and current information "in a confidential and responsible manner." *Cabrera v. Nazor*, No. 23-2745, 2024 WL 310523 at *4 (D.N.J. Jan. 25, 2024).

While the Fair Credit Reporting Act permits a private right of action pursuant to 15 U.S.C. § 1681s-2(b), it is "not without limitations." *Radley v. Experian Info. Sols., Inc.*, No. 17-2755, 2018 WL 1513576 at *3 (D.N.J. Mar. 26, 2018). The duties that Plaintiff alleges Defendant failed to perform are <u>only imposed after a furnisher receives notice by a credit reporting agency</u> pursuant to 15 U.S.C. § 1681i(a)(2) which cannot come directly from the consumer. *Id.* A plaintiff must plead that she "sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Id.* A plaintiff must allege that a credit reporting agency provided the required notice to a furnisher about the dispute, as it is considered an "essential element" because "only after credit reporting agency notification can the furnisher face any liability to a private individual." *Id.* (internal citation and quotations omitted). Here, Plaintiff states that on February 14 and 15, 2024, she sent dispute letters to three credit reporting agencies regarding an account reported by Defendant, and that the credit reporting

4

agencies and Defendant did not provide any response. To state a claim, Plaintiff must assert that the credit reporting agencies provided notice to Defendant in order to plead all of the required elements pursuant to 15 U.S.C. § 1681s-2(b). Therefore, Plaintiff's FCRA claims are dismissed without prejudice for failing to state a claim.

With regard to both Plaintiff's FDCPA and FCRA claims, it may be possible for Plaintiff to cure these deficiencies as discussed above by amending her pleading, by asserting the missing elements related to her claims and by providing the documentation to support her claims that the Court has noted herein. Therefore,

IT IS HEREBY on this ___ day of September, 2024,

**ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend her Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge